CALVIN T. GRAVES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ALFRED L. HOWELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 20666, 20667. Promulgated November 7, 1929.

*Ferdinand Tannenbaum*, Esq., and *R. F. Delahant*, C. P. A., for the petitioners.

*John D. Foley*, Esq., and *Lloyd W. Creason*, Esq., for the respondent.

1322

## OPINION.

MARQUETTE: The issue herein is as to the proper method of computing the income of the partnership of Howell & Graves, of which the petitioners were members. The respondent has computed the income of the partnership upon the accrual basis and has included in income for 1922 and 1923 the face value of the written instruments executed by the partnership and prospective purchasers of lots in those years. The petitioners contend that the written instruments in question were mere options, or, if not options, installment contracts which did not bind the purchaser to make any payments; that, therefore, there was no income to accrue; that the income from the transactions in which not more than 25 per cent of the purchase price was received by the partnership within the taxable year in which the transactions were entered into should be computed on the installment basis; and that the other transactions should be considered as deferred payment sales not on the installment plan in which the deferred payments have no readily realizable market value.

We do not deem it necessary to indulge in an extended discussion as to the nature of the written instruments involved herein. It is sufficient to say that by their terms the partnership was obligated to convey to the prospective purchaser certain lots, if and when the purchaser paid to the partnership certain specified amounts. The prospective purchaser was under no obligation to make any payment subsequent to the initial payment. He could not be compelled to continue the payment and an action could not be maintained against him for the unpaid amount. He was subject only to forfeiture of payments already made. Until payment was made in full, the partnership retained both title and possession of the lots.

In view of these facts, it seems clear that the respondent erred in computing the partnership income on the accrual basis. As we understand the meaning of accrual, an item of income or expense

accrues when it becomes an obligation receivable or payable, as the case may be. In this case there was no obligation on the part of the prospective purchaser to make the subsequent payments and there was, in our opinion, nothing to accrue.

Since the partnership should not be required to compute its income on the accrual basis, we must determine upon what basis its income should be reported. Under the peculiar facts of the case it is indeed difficult to determine what method will fairly reflect the true income of the partnership, and any method that may be adopted may not be entirely satisfactory. We are of the opinion, however, that in the case of those transactions in which not to exceed 25 per cent of the purchase price was received by the partnership within the taxable year, the income therefrom should be computed on the installment basis, which practice is now authorized and validated as to the years 1922 and 1923 by section 212 (d) and section 1208 of the Revenue Act of 1926.

In the transactions in which more than 25 per cent of the purchase price was received by the partnership in the fiscal year, the deferred payments clearly had no fair market value and were not the equivalent of cash to any extent. We are therefore of the opinion that these transactions should be treated as deferred payment sales, not on the installment plan, in which the deferred payments had no readily realizable market value.

All payments forfeited to the partnership should be included in income of the year in which the forfeiture occurred to the extent that they had not theretofore been reported as income.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*